AYRES, Judge.
This is an action in tort wherein plaintiff, Mrs. Annie Lou Babers, the mother and the alleged sole heir of Reginald Lewis Babers, seeks to recover damages for his wrongful death occasioned by injuries sustained in a collision between an automobile, )f which he was the operator, and a logging truck-and-trailer unit or some component parts thereof. Made defendants were Sammie Lee Flowers, operator of the aforesaid unit, and those in whose services the operation was alleged to have been conducted, and the insurer thereof, as well as the designer, manufacturer, and distributor of the unit, and its insurer.
To plaintiff’s action, defendants interposed motions for a summary judgment. The basis of these motions is that, inasmuch as plaintiff’s son was married at the time he sustained accidental injuries and at the time of his death caused thereby, plaintiff has no right or cause of action for damages occasioned by his death. Hence *899 the purpose sought to be served in the companion case of Mrs. Annie Lou Babers v. Linda Jean Babers and Bobby Joe Weaver, bearing No. 12,597 of the docket of this court and this day decided (La. App., 312 So.2d 896), was to annul a judgment of divorce between the parties made defendants in the companion case in order to establish that plaintiff’s son, Reginald Lewis Babers, was not married to Linda Jean Babers and that she was unable to enter into such marriage because of her prior marriage to Weaver. The underlying purpose of that action was to indirectly establish that plaintiff, the mother, as aforesaid, of Reginald Lewis Babers, was his sole heir, that he was unmarried, and that under the provisions of LSA-C.C. Art. 2315 she had the right to claim damages for her son’s alleged wrongful death. These issues were resolved against plaintiff in the trial court and, from a judgment sustaining the motions for a summary judgment, she appealed.
We reviewed the issues presented in the companion case and, for the reasons therein assigned, affirmed the judgment. The divorce decree rendered in the Chancery Court of Union County, Arkansas, between the defendants, Linda Jean Babers and Bobby Joe Weaver, was recognized as valid and entitled to full faith and credit under the full-faith-and-credit clause of the Constitution of the United States, Article 4, Section 1. Thus, we concluded that Linda Jean Babers was legally divorced from her husband, Bobby Joe Weaver, and free to enter into a marriage with Reginald Lewis Babers at the time their marriage was contracted.
In LSA-C.C. Art. 2315, with reference to liability for acts causing damages and the survival of such actions, it is in pertinent part provided:

"The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: (1) the surviving spouse and child or children of the deceased, or either such spouse of such child or children; (2) the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving; and (3) the surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving. * * * ” (Emphasis supplied.)
Thus, it is specifically provided that a surviving father or mother is without right to recover damages sustained in the wrongful death of his or her child where the child left a spouse or surviving child or children.
We find no error in the judgment appealed. Hence it is affirmed at plaintiff-appellant’s costs.
Affirmed.